UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED ABDALLA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STU SHERMAN, Warden,<br><br>　　　　Respondent. | Case No. 1:14-cv-02070-BAM-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE FACTS WARRANTING RELIEF (DOC. 1), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECTING THE CLERK TO CLOSE THE ACTION |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in a writing signed by Petitioner and filed on January 16, 2015. Pending before the Court is the petition, which was filed on December 29, 2014.

　　I.　Screening the Petition

　　　　Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act

of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without

leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner, an inmate of the California Substance Abuse Treatment Facility at Corcoran, California, alleges that he is serving an indeterminate sentence of twenty years to life imposed in the Stanislaus County Superior Court on December 10, 1992, for second degree murder.  Petitioner complains of the decision of California's Board of Parole Hearings (BPH), made on August 9, 2013, denying Petitioner's request for advancement of his parole hearing. (Pet., doc. 1 at 1, 21.)  Petitioner challenges Proposition 9, also referred to as Marsy's Law, which after Petitioner's conviction amended Cal. Pen. Code § 3041.5 and resulted in the lengthening of the period between Petitioner's parole suitability hearings from a previous maximum of three years to five years.  Petitioner alleges that Proposition 9 constitutes a bill of attainder and thus violates Article I, sections 9 and 10 of the Constitution.  Petitioner seeks immediate release.  (Id. at 5, 15.)

II.   <u>Bill of Attainder</u>

Petitioner contends that Proposition 9 was passed with the intent to impose increased punishment on an identifiable class of persons convicted of murder without the benefit of a judicial trial.

Art. I, § 9, applicable to Congress, provides that "(n)o Bill of Attainder... shall be passed."  Art. 1, § 10, applicable to the states, provides that "(n)o State shall... pass any Bill of Attainder...."  The key features of a bill of attainder are that the law 1) legislatively determines guilt, and 2) inflicts punishment upon an identifiable individual, and 3) does so without the

3

protections of a judicial trial.  <u>Nixon v. Administrator of Gen. Servs.</u>, 433 U.S. 425, 468-69 (1977).  Three inquiries are required to determine whether a statute inflicts punishment: 1) whether the challenged statute falls within the historical meaning of legislative punishment; 2) whether the statute, "viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes"; and 3) whether the legislative record "evinces a congressional intent to punish." <u>Selective Serv. Sys. v. Minnesota Pub. Interest Research Group</u>, 468 U.S. 841, 846-47 (1984) (quoting <u>Nixon</u>, 433 U.S. at 473, 475-476, 478).

Here, Petitioner has not alleged facts that could establish that as to Petitioner, Proposition 9 is a bill of attainder. Petitioner's guilt of second degree murder, the commitment offense, was determined at a judicial trial.  (Doc. 1, 1-2.)  Further, Petitioner is serving an indeterminate life sentence; regardless of when his future parole suitability hearings are held, his sentence remains the same.  Thus, Proposition 9 did not inflict punishment. <u>Accord</u>, <u>Down v. Haviland</u>, no. 2:09-cv-2794 TLN EFB P, 2013 WL 3745460, at *9, n.4 (E.D.Cal. July 15, 2013) (unpublished); <u>Booker v. Swarthout</u>, no. 2:11-cv-0050 KJM DAD P, 2012 WL 4364238 at *6 (E.D.Cal. Sept. 20, 2012) (unpublished); <u>Campo v. Swarthout</u>, no. 2:11-cv-1622 LKK DAD P, 2012 WL 4364268, at *5 (E.D.Cal. Sept. 20, 2012) (unpublished), <u>adptd.</u> <u>Campo v. Swarthout</u>, 2013 WL 5962930 (E.D.Cal. Feb. 11, 2013).

Petitioner has not cited any decision of the United States Supreme Court supporting his claim that Proposition 9 imposed additional punishment for his crime.  There is no constitutional or

4

inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). Petitioner cites United States v. Brown, 381 U.S. 337 (1977), which held that a statute making it a crime for a member of the Communist Party to serve as the officer of a labor union was a bill of attainder because it imposed punishment on easily identifiable members of a class. However, the intent to impose criminal punishment that was evident in Brown is lacking here. Petitioner also cites Flemming v. Nestor, 363 U.S. 603 (1960), in which the Court found that a law withdrawing Social Security benefits from aliens ordered deported on certain grounds did not constitute a bill of attainder because there was no intention to impose a punishment. Petitioner's case authority does not warrant a different result in the present case.

In summary, the state court decided that Proposition 9 did not constitute a bill of attainder. (Doc. 1 at 44, 38, 41.) In view of the clearly established federal law set forth above, the state court's decision was not objectively unreasonable. It was not contrary to, or an unreasonable application of clearly established federal law within the meaning of 28 U.S.C. § 2254(d)(1)(a). Harrington v. Richter, 562 U.S. -, 131 S.Ct. 770, 786 (2011).

Petitioner has not alleged facts that point to a real possibility of constitutional error and that would thus entitle him to relief in this proceeding.

Accordingly, Petitioner's claim will be dismissed.

The defect in Petitioner's claim stems not from a dearth of factual allegations, but rather from the admitted circumstances of

5

Petitioner's conviction and sentence.  Thus, Petitioner could not allege a tenable claim of a bill of attainder if leave to amend were granted.

Accordingly, the Court will dismiss the petition without leave to amend.

### III.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Habeas Rule 11(a).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and

determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

IV. Disposition

In accordance with the foregoing analysis, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED for failure to allege facts that would warrant relief in a proceeding pursuant to 28 U.S.C. § 2254; and

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the action because dismissal terminates it in its entirety.

IT IS SO ORDERED.

Dated:   **January 28, 2015**              /s/ *Barbara A. McAuliffe*    _
                                           UNITED STATES MAGISTRATE JUDGE